**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4000**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

          v.

MAKUSHAMARI GOZO,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine  C.  Blake,  Chief  District Judge.  (1:12-cr-00393-CCB-1)

Submitted: June 9, 2015                     Decided:  June 17, 2015

Before  KING  and  AGEE,  Circuit  Judges,  and  HAMILTON,  Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James  Wyda,  Federal  Public  Defender,  Joanna  Silver,  OFFICE  OF THE  FEDERAL  PUBLIC  DEFENDER,  Baltimore,  Maryland,  for  Appellant. Rod  J.  Rosenstein,  United  States  Attorney,  David  I.  Sharfstein, Assistant  United  States  Attorney,  Baltimore,  Maryland,  for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Makushamari Gozo was convicted by a jury of 18 counts of filing false and fictitious claims in violation of 18 U.S.C. § 287 (2012), and five counts of bank fraud in violation of 18 U.S.C. § 1344 (2012). He appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asking the Court to review whether the evidence was sufficient to show the requisite fraudulent intent to support Gozo's convictions for filing false claims under § 287. Counsel also questions whether the district court erred in declining to admit Defense Exhibit 6. Gozo has filed a pro se brief, stating that he is actually innocent and asserting that the government's case is missing essential elements. The government has filed a response brief.

This court reviews de novo a district court's denial of a motion under Fed. R. Crim. P. 29 for judgment of acquittal. United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015). A defendant challenging the sufficiency of the evidence faces "a heavy burden[.]" United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The jury verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation

2

marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and brackets omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

A violation of 18 U.S.C. § 287 consists of two elements: (1) making or presenting a claim to any agency of the United States, and (2) knowing that such claim is false, fictitious, or fraudulent. See United States v. Ewing, 957 F.2d 115, 120 (4th Cir. 1992); see also United States v. Bolden, 325 F.3d 471, 494 (4th Cir. 2003) (stating that § 287 conviction will be upheld where the evidence shows the submission of a false claim and if the defendant acted with knowledge that the claim was false and with a consciousness that he was doing something wrong or in violation of the law).

We have thoroughly reviewed the record in this case and find that the evidence amply supports Gozo's convictions under § 287. The government presented evidence showing that Gozo filed false personal and excise tax returns with the Internal Revenue Service (IRS). The tax returns were based on income Gozo did not earn, on false claims for tax credits, and on the

3

use of alternative fuels that were never used. The government introduced more than two dozen tax returns showing that Gozo requested over $22 million in tax refunds, both personal and excise, from the IRS. Gozo received over $376,000 of the requested refunds and almost received another $12 million. Gozo used paper companies as part of his scheme which did not actually conduct business and which made it seem that he was wealthy and successful at the time he filed the tax returns. In fact, during the time frame in question, Gozo was either administratively detained by immigration authorities, or unemployed and in need of assistance to secure food and housing. In light of this evidence, counsel's assertion that the evidence failed to support a finding that Gozo acted with fraudulent intent is clearly without merit.

Next, we turn to counsel's claim that the district court erred in declining to admit Defense Exhibit 6. We review evidentiary rulings for abuse of discretion and "will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Upon our review, we conclude that counsel's suggestion that the documents contained in Defense Exhibit 6 were self-authenticating under Fed. R. Evid. 902 is meritless. Finally, we have reviewed the issues

4

raised by Gozo in his pro se brief and find them to be lacking in merit as well.

Our review pursuant to Anders has revealed no meritorious issues for review. We accordingly affirm the district court's judgment. This court requires that counsel inform Gozo in writing of his right to petition the Supreme Court of the United States for further review. If Gozo requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gozo. We deny Gozo's pending motion to reconsider and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED